IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3067 |
| | ) | |
| v. | ) | |
| | ) | |
| NATALIE BOOTH-MERICA, | ) | MEMORANDUM |
| | ) | AND ORDER |
| Defendant. | ) | |
| | ) | |

    Natalie Booth-Merica (Booth-Merica) has filed a Motion to Vacate under 28 U.S.C. § 2255. After initial review, I deny the motion and dismiss it with prejudice.[1] Booth-Merica badly missed the deadline for filing a timely section 2255 motion and she has failed to show the due diligence and other factors necessary to excuse the untimely filing.

    Judgment was entered on April 6, 2010. (Filing no. 43.) No appeal was taken. The pending motion was filed on June 9, 2014. (Filing no. 45.) There is no evidence that Booth-Merica exercised due diligence in pursuing this matter between April 6, 2010 and June 9, 2014, and there is no evidence that extraordinary circumstances prevented her from acting sooner.

---

    [1]Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Booth-Merica does claim that she was waiting for the filing of a Rule 35 motion that her lawyer promised her would be filed.  Even if this is true, the files and records plainly establish that Booth-Merica failed to exercise due diligence.  She simply waited more than four years after the judgment to file her motion, and she did nothing of substance to confirm that a Rule 35 motion would or would not be forthcoming.

Moreover, her claim that she was promised a Rule 35 motion is belied by the record.  The plea agreement (filing no. 29 at CM/ECF p. 6) and my oral questioning of Booth-Merica during the Rule 11 proceedings (filing no. 27 (digital audio commencing at 15:58)) established that there were no promises or agreements that were not in writing and set forth in plea agreement.  The plea agreement contains no promise of a Rule 35 motion.  On the contrary, the plea agreement makes clear that it was solely up to the government to decide whether to file such a motion and that Booth-Merica had no right to challenge the decision of the government unless the government acted with an unconstitutional motive.

In summary, Booth-Merica's motion is untimely under 28 U.S.C. § 2255(f). She provides no reason to believe that there are extraordinary circumstances beyond her control that impeded her and she has also failed to show the she has acted diligently.  *See*, *e.g.*, *Byers v. United States*, 561 F.3d 832, 836 (8th Cir. 2009) (for equitable tolling of the filing period for a motion to vacate, set aside, or correct a sentence, the prisoner must show extraordinary circumstances not attributable to the prisoner and beyond his control and also demonstrate that he acted with due diligence in pursuing the motion) (citation omitted).

IT IS ORDERED that:

1. The Motion to Vacate under 28 U.S.C. § 2255 (filing no. 45) is denied and dismissed with prejudice.

2. A separate judgment will be entered.

3.  No certificate of appealability will be issued by the undersigned.

DATED this 20th day of August, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.